F I L E D
United States Court of Appeals
Tenth Circuit

MAR 25 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEWTON O. BEY, a/k/a James Noel,
a/k/a Newt,

Defendant - Appellant.

No. 97-3150

(D.C. No. 94-CR-20075)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pursuant to a plea agreement, Defendant, Mr. Newton Bey, pled guilty to two counts of a six-count indictment charging narcotics law violations and possession of a firearm in relation to a drug trafficking crime. Defendant appeals his sentence on Count

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

V, the count of conviction charging him with distributing 35.7 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). See R., Vol. I, Doc. 1 at 3; Doc. 128. The district court determined that Defendant's criminal history and offense level resulted in a sentencing guidelines range of 135 to 168 months incarceration for Count V. See id., Doc. 152 at 8-9; U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) & Table. Defendant was sentenced to 135 months of incarceration on the drug distribution charge and to a mandatory consecutive sentence of five years incarceration on the charge of possessing a weapon in relation to the drug offense. See R., Vol. I, Doc. 1 at 11-12. On appeal, Defendant claims that the U.S. Sentencing Guidelines and 21 U.S.C. § 841(b)(1)(B) punish crimes involving cocaine base more harshly than crimes involving powder cocaine, even though the two substances are chemically indistinguishable. See Appellant's Br. at 5. Defendant maintains that because there is no valid basis for the discrepancy in punishing cocaine offenses, the statute under which he was sentenced and the sentencing guidelines are unconstitutionally vague and violate the Fifth Amendment's guarantees of due process and equal protection. See id. at 7-9. Defendant argues that his sentence also violates the Eight Amendment's prohibition against cruel and unusual punishment. See id. at 9.

Defendant failed to raise these claims in the district court, see Appellant's Br. at 6; therefore, we review the Defendant's sentence only for plain error. See United States v. Easter, 981 F.2d 1549, 1557 (10th Cir. 1992), cert. denied, 508 U.S. 953 (1993). "To

constitute plain error, the deficiency must be obvious and substantial and affect the fundamental fairness, reputation, or integrity of the trial. However, we apply the plain error rule less rigidly when reviewing a potential constitutional error." Id. (citation omitted).

In his appeal, Defendant asks this court to ignore the precedent of this and other circuits and announce that 21 U.S.C. § 841(b)(1)(B), and the corresponding sentencing guideline, U.S.S.G. § 2D1.1, are unconstitutional. See Appellant's Br. at 8. We are bound by circuit precedent, and therefore AFFIRM the sentence imposed by the district court. See United States v. Williamson, 53 F.3d 1500, 1530 (10th Cir.), cert. denied sub nom. Dryden v. United States, ___ U.S. ___, 116 S. Ct. 218 (1995); United States v. Thurmond, 7 F.3d 947, 951-52 (10th Cir. 1993), cert. denied, 510 U.S. 1199 (1994); accord United States v. Washington, 127 F.3d 510, 516-18 (6th Cir. 1997); but see United States v. Armstrong, 517 U.S. 456, ___, 116 S. Ct. 1480, 1492-94 (1996) (Stevens, J., dissenting). Defendant's sentence is within the prescribed statutory limits; therefore, we conclude that his sentence does not violate the Eight Amendment's prohibition against cruel and unusual punishment. See United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir. 1993).

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-