**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

NEWTON O. BEY,

  Defendant-Appellant.

No. 04-3139
(D. Kan.)
(D.Ct. No. 94-CR-20075-KHV)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

  Newton Bey, a *pro se* litigant and federal inmate, appeals the district

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's dismissal of two motions, one filed pursuant to Rule 60(b)(3), concerning his claim government attorneys committed fraud during his prior 28 U.S.C. § 2255 proceeding, and another filed pursuant to 18 U.S.C. § 3582. We exercise jurisdiction under 28 U.S.C. § 1291 as to Mr. Bey's appeal of the dismissal of his § 3582 motion and affirm his conviction and sentence. As to Mr. Bey's appeal of the dismissal of his Rule 60(b) motion, we construe it as an implied application to file a successive habeas corpus petition and deny such application.

Mr. Bey's lengthy procedural history before this court is as follows. Mr. Bey pled guilty to two counts of a seven-count indictment charging him with narcotics law violations and possession of a firearm in relation to a drug trafficking crime. *See United States v. Bey*, 1998 WL 919127 at *1 (D. Kan. Dec. 30, 1998) (unpublished op.) (*Bey I*); *United States v. Bey*, 141 F.3d 1186, 1998 WL 133816 at *1 (10th Cir. Mar. 25, 1998) (unpublished op.) (*Bey II*). The district court applied a three-level enhancement for his supervisory role in the offense and sentenced him to five years incarceration on the firearm count and 135 months incarceration on the distribution count, to be served consecutively. *See United States v. Bey*, 208 F.3d 227, 2000 WL 217059 at *1 (10th Cir. Feb. 21, 2000) (unpublished op.) (*Bey III*).

Mr. Bey did not file a direct appeal within ten days after sentencing, but he did write a letter to the court and file a § 2255 motion, claiming ineffective assistance of counsel. *Id.* After the district court denied his motion, this court instructed the district court to docket his letter as a notice of appeal. *Id.* Thereafter, Mr. Bey unsuccessfully appealed his sentence and this court affirmed on direct appeal. *See id.*; *Bey II* at **1-2; *Bey I* at *2. Mr. Bey then filed another § 2255 motion, raising an ineffective assistance of counsel issue, which the district court ultimately denied, treating it as his first § 2255 motion, and we affirmed. *See Bey III* at **2-3; *Bey II* at **2-3; *Bey I* at *2.

Mr. Bey next filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), seeking relief "for fraud on the court or an independent action in equity," based on alleged fraudulent conduct committed by the Assistant United States Attorney during his § 2255 motion proceeding. On October 10, 2003, the district court denied the motion, determining that if his Rule 60(b) motion constituted a second or successive petition, it was unclear if such fraud would justify an exception to the strict gatekeeping requirement which applies to second or successive motions under § 2255. It determined that even if it was excepted, it had already determined the alleged government nondisclosure of which he complained would not be material because the government and his

defense attorney agreed ample additional evidence supported the sentencing enhancement Mr. Bey received. *See Bey I* at *5; *Bey III* at *3. On February 6, 2004, the district court issued an order, noting Mr. Bey apparently did not receive a copy of its October 10, 2003 Order denying his motion because he failed to provide a change of address, and directing the clerk to send Mr. Bey the October 10, 2003 Order at his current address.

Undaunted, Mr. Bey then filed a "Motion to Correct Mistake" and a "Motion for Reconsideration," renewing his claim the Assistant United States Attorney committed fraud on the court. On March 25, 2004, the district court denied Mr. Bey's motion for reconsideration as untimely, as he did not file it within ten days. It then construed his motion as a Rule 60(b) motion, but determined no relief was available because it was also untimely filed and because he made no showing of obvious errors of law or fact.

On April 12, 2004, Mr. Bey filed a "Notice of Appeal 60 B Motion," appealing the district court's October 10, 2003 Order, and also filed a request and affidavit to proceed on appeal without prepayment of fees. The district court denied Mr. Bey's request to proceed on appeal without prepayment of fees, noting he failed "to show a reasoned, nonfrivolous argument on the law and facts in

-4-

support of the issues raised on appeal," and finding his appeal untimely with respect to the October 10, 2003 Order on the Rule 60(b) motion, and timely only as to the district court's March 25, 2004 Order on his motion to correct mistake and his motion for reconsideration.

Mr. Bey then filed a "Motion for Modification of An Imposed Term of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(1)(i) and (2)," claiming his three-point enhancement for his supervisory role is unconstitutional under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (June 24, 2004), in violation of his Sixth Amendment right to a jury trial, because it was imposed by the judge rather than considered by a jury. In an amended § 3582 motion, Mr. Bey alleged the district court possessed authority to modify his sentence under the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. 108-21, 117 Stat. 650, 669 (codified in scattered sections of 18 and 42 U.S.C.).

On September 21, 2004, the district court entered an order dismissing Mr. Bey's § 3582 motion. After discussing the three avenues available for modification of a sentence under § 3582, the district court determined Mr. Bey failed to show his motion met any of the criteria, and further noted nothing in the

PROTECT Act expressly permitted the court to resentence him. It further determined that, to the extent Mr. Bey sought to file a second or successive § 2255 motion, his petition should be directed to this court for approval. Mr. Bey then filed a "Notice of Appeal and Docketing Statement," requesting relief from the district court's "order of 21 September 2004," denying his § 3582 motion.

As a result, Mr. Bey has filed two separate notices of appeal on his proceedings before the district court. On appeal, in a brief entitled "Appeal of the 60 B Motion," Mr. Bey raises only one issue: he contends the district court abused its discretion and violated his due process rights in denying his Rule 60(b) motion, because it "overlooked" the fact government attorneys, during his § 2255 motion proceeding, provided the court with fraudulent information to support the enhancement of his sentence for a supervisory role.

Under the Federal Rules of Appellate Procedure, in a criminal appeal, the notice of appeal must be filed in the district court within ten days after the entry of the order being appealed. *See* Fed. R. App. P. Rule 4(b). In this case, as the district court determined, Mr. Bey's first notice of appeal, filed April 12, 2004, with respect to the district court's October 10, 2003 decision denying his first Rule 60(b) motion, was untimely filed. This is true even if we do not begin

calculating the appeal time until the district court's February Order directing the clerk to resend its October 10, 2003 Order to Mr. Bey at his corrected address. However, the district court ultimately did find his appeal timely as to its March 25, 2004 Order denying Mr. Bey's motions to correct a mistake and for reconsideration, construing the motion for reconsideration as a Rule 60(b)(1) motion. Consequently, we consider only the court's March 25, 2004 Order for the purposes of appeal on the Rule 60(b) motion issue raised by Mr. Bey.

We construe a *pro se* litigant's pleadings liberally, holding them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Federal Rules of Civil Procedure 60(b)(1) and (3) allow, on motion, for the court to relieve a party from a final judgment or order for mistake, inadvertence and excusable neglect; or fraud, misrepresentation or other misconduct of an adverse party. We have held that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions." *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998) (*per curiam*) (quotation marks and citation omitted) (holding that Rule 60(b) motion was an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second habeas petition). In order to obtain authorization from this court to file a second § 2255 motion in the district court, the movant must make the requisite showing under § 2255, which

includes a showing of:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Until a defendant obtains prior authorization from this court to file a successive motion, the district court lacks jurisdiction to decide his unauthorized second petition and this court must vacate the district court order. *See Lopez*, 141 F.3d at 975-76.

For the purposes of this case, we determine the district court did not have jurisdiction to reach the merits of Mr. Bey's motions and thereby vacate the district court's March 25, 2004 Order. We will construe Mr. Bey's notice of appeal and appellate brief as an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second habeas petition in the district court. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (*per curiam*).

Our review establishes Mr. Bey not only untimely filed his motion, but failed to meet the requirements for filing a second habeas petition under § 2244(b)(3)(C). In fact, his allegations only repeat an issue which the district

court previously resolved, and which we reviewed, in affirming the district court's decision.[1]  *See Bey I* at *5; *Bey III* at *3.

As to Mr. Bey's notice of appeal on the dismissal of his § 3582 motion, it appears Mr. Bey abandoned the issues contained therein, as none of the issues raised in the motion and his appeal notice were raised in his other appellate pleadings.  "The failure to raise an issue in an opening brief waives that issue." *United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir.), *cert. denied*, 125 S. Ct. 197 (U.S. Oct. 4, 2004).

Accordingly, the district court's March 25, 2004 Order disposing of Mr. Bey's unauthorized successive § 2255 petition is **VACATED**, his implied application for leave to file a successive petition in the district court is denied,

---

[1] Given Mr. Bey's propensity to file repetitive and frivolous habeas pleadings and our interest in judicial economy, we warn Mr. Bey this court will summarily dismiss any future meritless second or successive habeas applications or appeals, including Rule 60(b) motions, which we will construe as successive petitions.

and his motion to proceed on appeal *in forma pauperis* is granted.  As to Mr.

Bey's appeal of the dismissal of his § 3582 motion, we **AFFIRM** his conviction

and sentence.


                                    **Entered by the Court:**

                                    **WADE BRORBY**
                                    United States Circuit Judge