**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NEWTON BEY,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

No. 05-3051
(94-CR-20075-KHV)
(D. Kan.)

---

**ORDER**

---

Submitted on the briefs:[*]

Newton O. Bey, Petitioner, Pro Se

---

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

      Newton Bey, a federal prisoner proceeding pro se, seeks authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

correct his sentence. He contends that his sentence entered pursuant to the then-mandatory United States Sentencing Guidelines is unconstitutional under Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005).

After accepting Bey's guilty plea to one count of using and carrying a weapon during the commission of a drug trafficking offense and one count of distribution of cocaine, the district court applied a three-level enhancement for his supervisory role in the offense and sentenced him to 60 months' incarceration on the firearm count and 135 months on the distribution count. Bey filed a § 2255 motion claiming ineffective assistance of counsel, which the district court denied. Bey then filed a Rule 60(b) motion. His motion having been denied, Bey appealed. On appeal, this court treated his Rule 60(b) motion as an unauthorized second or successive habeas petition, vacated the district court order, and denied authorization. United States v. Bey, No. 04-3139, 2004 WL 2595967 (10th Cir. Nov. 16, 2004) (unpublished)

In the motion presently before us, Bey argues that the sentencing court violated his Sixth Amendment rights by finding by a preponderance of the evidence that Bey exercised a supervisory role and by then applying a three-level enhancement to his base offense level under the mandatory Guidelines regime. Specifically, he argues that his sentence was imposed in contravention of his right

to have "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict . . . be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S.Ct. at 756.

Bey may not raise this claim in a second or successive § 2255 motion unless he can show that his claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.[1] In <u>Tyler v. Cain</u>, 533 U.S. 656 (2001), the Supreme Court held that a "new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." <u>Id.</u> at 663. Therefore, a holding by this court that a new rule of constitutional law satisfies the requirements for retroactive application to initial habeas petitions as announced in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), does not suffice to make that rule retroactively applicable to cases on collateral review for purposes of

---

[1] We may also authorize Bey to file a second or successive § 2255 motion if he demonstrates that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and that "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Bey does not contend that he has discovered new facts in support of a claim for habeas relief.

authorizing a second or successive § 2255 motion or a 28 U.S.C. § 2254 petition. Moreover, a new rule is made retroactive to cases on collateral review only when the Supreme Court <u>explicitly holds</u> that the rule it announced applies retroactively to such cases. <u>Cain</u>, 533 U.S. at 663. The Court noted that its "interpretation is necessary for the proper implementation of the collateral review structure created by AEDPA" because courts of appeals should not "engage in the difficult legal analysis that can be required to determine questions of retroactivity in the first instance." <u>Id.</u> at 664.

Applying these principles, we have previously concluded that <u>Blakely</u> was not to be applied retroactively to second or successive § 2255 motions. <u>Leonard v. United States</u>, 383 F.3d 1146 (10th Cir. 2004). Because we ruled that <u>Blakely</u> was merely an extension of the rule that the Court announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and because "[t]he Supreme Court has not expressly held that the rule announced in <u>Blakely</u> is . . . retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion," we denied the petitioner authorization to challenge his sentence under <u>Blakely</u> in a second or successive habeas petition. <u>Leonard</u>, 383 F.3d at 1148. Indeed, we have not only held that <u>Apprendi</u> itself is not retroactively applicable to successive habeas petitions, <u>Browning v. United States</u>, 241 F.3d 1262, 1265 (10th Cir. 2001), but we have also held that it is not applicable to initial habeas petitions because it

merely "clarifies that certain questions that were previously thought to be properly determined by the court must now be proved to a jury beyond a reasonable doubt." United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002).

The Booker Court expressly applied its holding only to cases on direct review. Booker, 125 S.Ct at 769 ("we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review."). Although the Court described its constitutional holding as creating a "fundamental change," id. at 758, that characterization is not relevant to whether prisoners may challenge their federal sentences under Booker in a second or successive § 2255 motion. The Court decided Booker on direct appeal and did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. We will not presume to do so for the Court.

Pursuant to the Supreme Court's holding in Cain, we must conclude that under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Booker may not be applied retroactively to second or successive habeas petitions. Accordingly, authorization is **DENIED**. This order is not subject to a petition for rehearing or a writ of certiorari. See 28 U.S.C. § 2244(b)(3)(E). The matter is **DISMISSED**.