**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES ALLEN HARMS,

     Defendant-Appellant.

No. 05-8012
(D.C. Nos. 03-CV-144-J and
00-CR-175-J)
(D. Wyo.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Defendant Charles Allan Harms, appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Because Harms cannot show that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling, Slack v. McDaniel, 529 U.S.

473, 484 (2000), we deny his request and dismiss the appeal.

On February 9, 2001, Harms executed a plea agreement and pled guilty to

conspiring to possess with intent to distribute and to distribute more than 50

grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B).  On April 20, 2001, the district court sentenced

Harms to seventy-two months' imprisonment. Pursuant to the terms of his plea agreement, Harms did not appeal his sentence.

On July 3, 2003, Harms filed a motion to modify his sentence citing 28 U.S.C. § 2255 and arguing that he should be eligible for a sentence reduction of up to one year and a period of six months in a halfway house given his successful completion of a 500-hour drug treatment program. Harms asserted his sentence was improperly enhanced two levels for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), and the finding underlying this enhancement was preventing him from qualifying for the one-year sentence reduction. After considering Harms' claim, the district court denied Harms' § 2255 motion holding that Harms was challenging the manner in which the Bureau of Prisons was executing his sentence, not the sentence itself. As such, the district court concluded Harms' claim should have been brought pursuant to 28 U.S.C. § 2241 rather than § 2255. The court also noted that even if § 2255 were the appropriate vehicle, the claim would be time barred.

Harms filed a motion for a COA and a motion to reconsider in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), and requested the district court wait to rule on those motions until the Supreme Court issued its opinion in United

2

States v. Booker, 125 S. Ct. 738, (2005).[1]  The district court denied the motion for a COA and the motion to reconsider stating that it could not consider Harms' Blakely arguments because the statute of limitations for the § 2255 motion had expired.

On appeal, Harms argues that his sentence was imposed in violation of the Sixth Amendment, citing Booker and Blakely.  Specifically, Harms claims his 72-month sentence exceeded the maximum of the range that should have applied to his offense of conviction, i.e., 57-71 months.  In addition, he argues the sentence imposed was the result of judicial fact-finding that he possessed a firearm, even though he asserts he never had a firearm and never agreed to a firearm enhancement in the plea agreement.  Harms states that this alleged sentencing error was plain, affected his substantial rights, and warrants reversal and resentencing.  Harms also argues that his sentence violates his Eighth Amendment right to be free from cruel and unusual punishment.  In this regard, he argues his sentence is unconstitutional because it exceeds the statutory maximum.  Finally, Harms argues that Apprendi v. New Jersey, 530 U.S. 466 (2000), announced a new constitutional rule that should be applied to his case.  Harms does not appeal

---

[1]The motion for COA and motion to reconsider state that Harms filed a supplemental brief regarding the application of Blakely to his case.  That supplemental brief is not in the record and, therefore, this court cannot discern the nature of his argument.

the district court's denial of his § 2255 motion which sought a one-year reduction of jail time for completion of a drug treatment program.

As an initial matter, this court cannot consider the merits of this argument because the record is inadequate. The record does not contain the plea agreement, any relevant portions of the sentencing hearing transcript, or the presentence report. As such, this court cannot determine whether Harms' sentence was enhanced by a judge-found fact, whether Harms agreed to any enhancement, what offense level and criminal history category was applied, or how the district court arrived at the 72-month sentence. Without any of this information, we simply cannot address the merits of Harms' argument.

Further, the district court was correct in holding that Harms' § 2255 motion is untimely. Section 2255 establishes a one-year statute of limitations for filing federal habeas petitions that begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2255. Harms argues that <u>Apprendi</u> announced a new constitutional rule, but <u>Apprendi</u> issued on June 26, 2000, almost a year <u>before</u> Harms was sentenced on April 20, 2001. <u>Apprendi</u> cannot be the basis for restarting the statute of limitations. Whether <u>Blakely</u> or <u>Booker</u> applies to Harms' case depends in part on when his conviction became final. The district court noted, and Harms does not dispute, that the plea agreement contained a waiver of appellate rights.[2] ROA., Doc. 6 at 2. Therefore, his conviction became final on May 10, 2001, ten days after entry of his judgment when his time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(I); <u>United States v. Burch</u>, 202 F.3d 1274, 1278-1279 (10th Cir. 2000). <u>Booker</u> and <u>Blakely</u> issued after Harms' conviction became final and, therefore, must apply retroactively to cases on collateral review in order to restart the statute of limitations. <u>See</u> 28 U.S.C. § 2255(3). However, this court has not held that either <u>Booker</u> or <u>Blakely</u> apply retroactively to cases on collateral review. <u>Bey v. United States</u>, 399 F.3d 1266, 1269 (10th Cir. 2005) (refusing to apply <u>Booker</u> retroactively to cases on collateral review and holding that <u>Booker</u> may not be applied retroactively to second or successive habeas petitions); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) (<u>Blakely</u> does not apply

---

[2]Harms does not raise this issue, but we note for clarity that we have held that the issuance of <u>Blakely</u> and <u>Booker</u> does not render a pre-existing plea agreement involuntary, unknowing, unintelligent, or otherwise unlawful. <u>United States v. Green</u>, 405 F.3d 1180, 1190-1191 (10th Cir. 2005).

5

retroactively to convictions that were already final at the time the Court decided

<u>Blakely</u>). Thus, the statute of limitations began running on May 10, 2001 when

Harms' conviction became final, 28 U.S.C. § 2255(1), and Harms had until May

10, 2002 to file his § 2255 motion. Harms did not file the motion until July 3,

2003,[3] well after the one-year limitations period expired.

In order to receive a COA on a procedural issue, Harms had to show both

"that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." <u>Slack</u>,

529 U.S. at 484. As the above discussion indicates, Harms cannot meet the

second of these two <u>Slack</u> criteria. We conclude Harms has failed to establish his

entitlement to a COA.

Accordingly, the request for a COA is DENIED and the appeal is

DISMISSED. Harms' motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[3]As a prisoner filing pro se, Harms benefits from the prison mailbox rule announced in <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988), that states that the cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing.