**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARMELO CALLEJAS,

    Defendant-Appellant.

No. 04-2244
(D.C. Nos. CIV-03-1070 BB/LAM and
CR-00-732 BB)
(Dist. N.M.)

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Carmelo Callejas seeks a Certificate of Appealability ("COA") to appeal
the district court's denial of his 28 U.S.C. § 2255 petition. Because we agree
with the district court, and because Callejas cannot raise an initial Sixth
Amendment claim in a § 2255 petition, we **DENY** a COA and **DISMISS**.

Callejas was convicted and sentenced on five narcotics-related charges,
which this court affirmed on direct appeal. In his § 2255 petition before the
district court, he raised five general claims: (1) wrongful conviction of
conspiracy in the absence of a co-conspirator; (2) insufficient evidence supporting
his conviction on drug charges; (3) insufficient evidence supporting his

conviction for possession of a firearm; (4) error in calculating a cash-to-drugs conversion for purposes of sentencing; and (5) ineffective assistance of counsel. As to the first four claims, the district court found that they had previously been adjudicated on direct appeal,[1] and therefore could not be raised in a § 2255 petition. See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) ("[I]ssues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."). As to the ineffective assistance of counsel claim, the district found that there was no evidence demonstrating that trial counsel's performance was constitutionally deficient or prejudicial under Strickland v. Washington, 466 U.S. 668, 687 (1984).

In his appeal from the district court's denial of his § 2255 petition, Callejas raises an ineffective assistance of counsel claim as well as a claim that his sentence violates the Sixth Amendment because the district court found facts relevant to sentencing as required by the Sentencing Guidelines.[2] In order to appeal the denial of his § 2255 petition, Callejas must first obtain a COA, which may issue only upon "a substantial showing of the denial of a constitutional

---

[1] United States v. Callejas, 2003 WL 21300340 (10th Cir. June 6, 2003) (unpublished opinion).

[2] Callejas relies on Blakely v. Washington, 124 S.Ct. 2531 (2004), for his Sixth Amendment claim.

2

right." 28 U.S.C. § 2253(c)(2).[3] This standard requires a petitioner to establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We conclude that Callejas's ineffective assistance of counsel claim must fail for substantially the same reasons as set forth by the district court. With regard to Callejas's Sixth Amdendment claim, we have held that we will not apply Blakely retroactively to initial § 2255 petitions for collateral relief. United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005). Therefore, he is not entitled to resentencing.

No reasonable jurist would debate whether Callejas's § 2255 petition should have been granted. Accordingly, we **DENY** the request for a COA and **DISMISS**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[3] Callejas's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); therefore, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).