**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LORENZO MORALES,

    Defendant - Appellant.

No. 04-2333
(D.C. No. 04-CV-1187)
(D.N.M.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

Defendant-Appellant Lorenzo Morales, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying his 28 U.S.C. § 2255 motion. Because Mr. Morales has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss his appeal.

Mr. Morales pleaded guilty to one count of conspiracy with intent to distribute marijuana, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He was sentenced on February 22, 2001 to

100 months' imprisonment. In his application for COA, Mr. Morales argues that the district court erred in refusing to apply Blakely v. Washington, 124 S. Ct. 2531 (2004), retroactively on collateral review of his criminal conviction. After the district court's denial of his request for certificate of appealability, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005). Accordingly, on appeal, Mr. Morales also argues that Booker should apply to his case.

Of course, in Booker, the Court held that the rule announced in Blakely is applicable to the Sentencing Guidelines. However, Blakely does not apply to a case like this one that is on collateral review. Leonard v. United States, 383 F.3d 1146, 1147-48 (10th Cir. 2004). Moreover, we have previously held that, in light of Booker, "Blakely does not apply retroactively to initial § 2255 motions." United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005). Likewise, we have held that Booker applies only on direct appeal and should not be applied retroactively to cases on collateral appeal. Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005). Because Mr. Morales's conviction was already final when Blakely was decided, neither Blakely nor Booker require remand for resentencing. Finally, to the extent that Mr. Morales argues that this precedent is erroneous and should not be followed, we simply point out that "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision

by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993).

We DENY Mr. Morales's request for a COA and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge