**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN GARCIA HERNANDEZ,

Defendant-Appellant.

No. 04-2326
(D.C. Nos. 04-CV-1153 and
01-CR-1714)
(New Mexico)

# ORDER

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Ruben G. Hernandez applies *pro se*[1] for a certificate of appealability (COA) of the district court's denial of his petition for sentencing relief under 28 U.S.C. § 2255[2]. Mr. Hernandez contends his sentence violated the recent Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we deny a COA and dismiss the appeal.

---

[1]We liberally construe Mr. Hernandez's pro se application. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

[2]The district court denied Mr. Hernandez's application for a COA.

Mr. Hernandez pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). His indictment and presentence report listed four prior convictions for violent felonies. The district court sentenced him to 180 months imprisonment with five years of supervised release under § 924(e)(1), which subjects a person "who violates section 922(g)...and has three previous convictions...for a violent felony" to a minimum of fifteen years imprisonment. Following the conviction, Mr. Hernandez's counsel filed an *Anders* brief, seeking permission to withdraw because there were no non-frivolous issues that could be raised on direct appeal. This court granted Mr. Hernandez's counsel's request and dismissed the appeal. *United States v. Hernandez*, 87 Fed. Appx. 135, 2004 WL 198308 (10th Cir. 2004). Mr. Hernandez petitioned the district court for post-conviction relief, which it denied.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general

-2-

assessment of their merits." *Id.* at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Hernandez is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. *Id.* at 338 (internal quotations and citation omitted).

Mr. Hernandez contends the use of his prior convictions to enhance his sentence violated *Blakely* and *Booker*. The Supreme Court explicitly excepted prior convictions from its holding that any fact increasing a sentence must be established by a plea of guilty or a jury verdict. *Booker*, 125 S. Ct. at 756. Moreover, neither *Blakely* nor *Booker* apply retroactively to Mr. Hernandez's case. A new rule of criminal procedure "will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). We have held that "a new rule is made retroactive to cases on collateral review only when the Supreme Court *explicitly holds* that the rule it announced applies retroactively to such cases." *Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005). In *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004), we determined *Blakely* did not apply retroactively. Additionally, in *United States v. Bellamy*, 2005 WL 1406176, at *2 (10th Cir. June 16, 2005), we held *Booker* announced a new rule of constitutional law that

does not apply retroactively to cases on collateral review.

We have carefully reviewed the record of these proceedings and the order of the district court. We adopt its reasoning, conclude that reasonable jurists would not debate its resolution of the constitutional claims presented, and **DENY** the request for a certificate of appealability.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge