**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR SANCHEZ-FIGUEROA,

Defendant - Appellant.

No. 05-8029
(D.C. Nos. 03-CV-213-D and
02-CR-47-D)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant Oscar Sanchez-Figueroa, a federal inmate appearing

pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. In order to merit a certificate

of appealability (COA), Mr. Chavez must make "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 336 (2003). To make such a showing, he must demonstrate that

reasonable jurists would find the district court's resolution of the constitutional

issue contained in his motion debatable or wrong. Slack v. McDaniel, 529 U.S.

473, 484 (2000). Because we determine that Mr. Sanchez-Figueroa has not made

such a showing, we deny a COA and dismiss the appeal. We grant Mr. Sanchez-Figueroa's motion to proceed in forma pauperis.

Mr. Sanchez-Figueroa pleaded guilty to conspiracy to possess with intent to distribute and to distribute a mixture of cocaine exceeding five kilograms, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c). He was sentenced to 87 months imprisonment on the conspiracy charge and 60 months imprisonment on the firearms charge to be served consecutively. He was also sentenced to 48 months of supervised release and fined $1,000. Mr. Sanchez-Figueroa did not appeal. On October 15, 2003, Mr. Sanchez-Figueroa filed his § 2255 motion alleging that he had been denied effective assistance of counsel, his conviction was obtained unlawfully, and the government failed to meet its burden of proof. The district court denied the petition on the merits.

In seeking COA, Mr. Sanchez-Figueroa reiterates his ineffective assistance of counsel claim and seeks to raise an additional issue related to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Mr. Sanchez-Figueroa argues that counsel was ineffective in failing to adequately communicate the nature and consequences of the plea agreement. However, the district court could discern no deficiency in defense counsel's representation and further found that many of Mr. Sanchez-Figueroa's allegations are foreclosed by his admissions

and responses to questions from the bench during the change of plea hearing before the district court. R. Doc. 3 at 6-14, 23, 29, 30. Having carefully reviewed the record in this case, we do not believe that the district court's conclusion is fairly debatable. No objectively discernible grounds for ineffective assistance of counsel are apparent on the record. Moreover, Mr. Sanchez-Figueroa's admissions and responses under oath establish his culpability for the charged offenses and understanding of the terms of the plea agreement.

Turning to the Booker issue, Mr. Sanchez-Figueroa has failed to provide any argument or authority for his contention that the Supreme Court's decision is applicable to his § 2255 petition or in any way renders his sentence unlawful. Because Mr. Sanchez-Figueroa failed to raise this issue before the district court, we need not treat it here. In re Walker, 959 F.2d 894, 896 (10th Cir. 1992). Even were we to address the issue, any argument Mr. Sanchez-Figueroa might raise is foreclosed by our decision in Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker should not be applied retroactively to cases on collateral review).

Accordingly, we DENY the application for COA and DISMISS the appeal.

We GRANT the motion to proceed in forma pauperis.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge