**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

No. 06-2132

v.

District of New Mexico

CARMELO CALLEJAS,

(D.C. No. CR-00-732 BB)

Defendant-Appellant.

**ORDER AND JUDGMENT***

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

A jury convicted Carmelo Callejas in 2001 on five counts of criminal conduct. He was sentenced to 248 months in prison. This Court has twice affirmed that sentence—once on direct appeal, *United States v. Callejas*, 66 Fed. App'x 826 (10th Cir. 2003) (unpublished), and again in dismissing Mr. Callejas's application for a certificate of appealability under 28 U.S.C. § 2255, *United States*

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*v. Callejas*, 137 Fed. App'x 175 (10th Cir. 2005) (unpublished). Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), Mr. Callejas brought a third challenge to his sentence, which he styled as a "Motion to Eliminate Enhancements and Reduce Sentence." The district court dismissed his motion, holding that Mr. Callejas could collaterally challenge his sentence only via § 2255. Mem. & Order, 1-3.

The district court is correct. Section 2255 provides the exclusive means for collateral attack of a federal criminal sentence. *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973). We note, however, that even were Mr. Callejas to petition this Court to authorize a second § 2255 application, as required by 28 U.S.C. § 2244(3), his petition would fail. Defendants may not raise a *Booker* claim in a second or successive § 2255 motion, as *Booker* did not announce a new, retroactive rule of constitutional law. *Bey v. United States*, 399 F.3d 1266, 1268-69 (10th Cir. 2005).

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**. The government's motion to dismiss is **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge