48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Mathew Brogden GILBERT, Defendant-Appellant.
 No. 94-8049.
(D.C. No. 94-CR-21)
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Arthur Gilbert pled guilty to falsely impersonating an officer of the United States, in violation of 18 U.S.C. 912. He was sentenced to fourteen months' imprisonment. On appeal, Mr. Gilbert argues that the district court improperly increased his base offense level by two points for obstructing the administration of justice, pursuant to United States Sentencing Guideline (U.S.S.G.) 3C1.1. We review the district court's finding that Mr. Gilbert obstructed justice for clear error. United States v. Williams, 897 F.2d 1034, 1041 (10th Cir.1990), cert. denied, 500 U.S. 937 (1991). Finding no such error, we affirm.
 
 
 1
 Mr. Gilbert has been in custody since his arrest in January 1994. Seeking release pending trial, he submitted bond release plans to a probation officer stating he had been offered employment and a place to stay in Longmont, Colorado. The probation officer contacted the office manager of the prospective employer. The office manager verified that he had offered Mr. Gilbert a job and place to stay. He also indicated that he had known Mr. Gilbert for years.
 
 
 2
 The court was preparing to release Mr. Gilbert on bond when it learned that Mr. Gilbert had fabricated his release plans. The office manager confessed he did not know Mr. Gilbert. He explained that he tried to secure Mr. Gilbert's release as a personal favor to his brother-in-law, who was incarcerated with Mr. Gilbert. The court denied bond and determined at sentencing that Mr. Gilbert's conduct constituted a willful obstruction of justice. The judge observed that "had the Court executed the third-party bond papers, ... [Mr. Gilbert] could have absconded and been long gone." R. Vol. III, at 6.
 
 
 3
 The sentencing guidelines authorize a two-point increase of the offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. 3C1.1. "[P]roviding materially false information to a probation officer in respect to a presentence or other investigation for the court" is obstructive conduct that warrants an obstruction of justice enhancement, according to the application note. Id., Application Note 3(h). "Materially false information" means "information that, if believed, would tend to influence or affect the issue under determination." Id., Application Note 5.
 
 
 4
 On appeal, Mr. Gilbert argues that false information is only material if it affects a sentencing issue to be addressed by the court. He claims his fabricated release plans were relevant to the conditions of his pretrial release, but not relevant to any sentencing issue.
 
 
 5
 We disagree. "[P]roviding false information to the pretrial services officer, who was conducting a bail investigation for the court, falls squarely within the application note [to 3C1.1]." United States v. Ojo, 916 F.2d 388, 393 (7th Cir.1990). We hold that false statements made to obtain pretrial release may warrant enhancement under 3C1.1. See United States v. Taylor, 31 F.3d 459, 467-68 (7th Cir.1994)(upholding enhancement for misrepresentation of assets, material to whether defendant was a flight risk); United States v. Romulus, 949 F.2d 713, 717 (4th Cir.1991)(upholding enhancement where juvenile lied about age to gain unwarranted pretrial release), cert. denied, 112 S.Ct. 1690 (1992). Enhancement does not depend on whether the defendant was actually released pretrial. See United States v. Flores-Flores, 5 F.3d 1365, 1368-69 (10th Cir.1993)(upholding obstruction of justice enhancement even though defendant was not successful in his efforts to impede investigation). We uphold the enhancement in this case because we cannot conclude that the sentencing judge clearly erred in finding that Mr. Gilbert obstructed justice by providing false information to the probation officer.
 
 
 6
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470