**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ERIC SILVA,

    Defendant-Appellant.

No. 02-2308
(New Mexico)
(D.Ct. No. CR-02-1167-LH)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On July 16, 2002, Jose Eric Silva pled guilty to possession with intent to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. §§

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.  Over his objection, the district court adopted the presentence report which characterized him as a career offender pursuant to USSG § 4B1.1.  The report calculated his offense level at thirty-two and his criminal history category at VI.  The district court sentenced him to 220 months imprisonment, within the Guidelines range.  He was also sentenced to unsupervised release for three years upon release from prison and payment of a $100 special assessment.  In a written plea agreement, Silva waived his right to appeal, except on the issue of being considered a career criminal offender.

Silva's appellate counsel has filed an *Anders* brief seeking leave to withdraw.  *Anders v. California*, 386 U.S. 738, 744 (1967).  Appellate counsel advises there are no meritorious grounds to proceed on appeal.  Silva filed a pro se brief opposing his counsel's claim that his appeal was without merit.[1]  However, Silva inexplicably admits in his Response to the *Anders* Brief that "[t]he issue he raises is foreclosed by the Tenth Circuit precedent."  In his own brief, Silva contends (1) the district court erred in adopting the presentence report that classified him as a career offender under USSG § 4B1.1; and (2) he should receive a two level decrease in his offense level for acceptance of responsibility under USSG § 3E1.1.

---

[1] We construe pro se pleadings liberally.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Conducting an independent review of the record, as required by *Anders*, we find no basis for modifying Silva's sentence. *Anders,* 386 U.S. at 744. We first address the issue not waived by the plea agreement—Silva's contention that he should not be classified as a career offender under USSG § 4B1.1. Specifically, Silva contends the district court erred in determining he was a career offender on the grounds that (1) his prior attempted escape from county jail was not a crime of violence, and (2) his prior two convictions were not violent or drug related. We review the district court's factual findings supporting a sentence enhancement for clear error, but we review the court's application of the Guidelines to those facts de novo, *United States v. Farrow*, 277 F.3d 1260, 1262 (10th Cir. 2002), concluding the district court did not err.

The Guidelines define a defendant as a career offender if: (1) the defendant is at least eighteen years of age at the time the offense was committed: "(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1.

With respect to the first two prongs, Silva was born in 1948 and arrested on March 15, 2002, for the instant offense, and therefore over eighteen when the instant offense of conviction was committed. Moreover, his instant offense,

possession with intent to distribute more than fifty kilograms of marijuana, clearly involves a controlled substance offense. And with respect to the last prong, the district court considered Silva's two prior felony convictions: an attempted jail escape and a 1974 conviction for importing heroin.

All escapes, including attempted escapes, are by their nature crimes of violence for purposes of the Guidelines. *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir.)*, cert. denied*, 523 U.S. 1036 (1998); *United States v. Gosling*, 39 F.3d 1140, 1142 (10th Cir. 1994) (an escape, by its nature, presents a serious potential risk of physical injury to another and is therefore a crime of violence under USSG § 4B1.2). Thus, Silva's attempted escape from county jail constitutes a crime of violence under § 4B1.1.

With respect to Silva's 1974 conviction for importing heroin, he argues his conviction is dated for consideration under USSG § 4B1.1. *See* USSG § 4A1.2(e) (limiting the computation of prior felonies to those that occurred in the previous fifteen years); *but see* USSG § 4A1.2(k)(2)(B) (requiring the counting time period to be modified by revocation of special parole). Silva's 1974 conviction, however, was extended into 1994 because he violated special parole terms on three separate occasions. His special parole terms were last revoked on July 15, 1994, and he was sentenced to forty-four months in custody. The 1994 revocation brought the 1974 conviction within the Guidelines' fifteen-year look-back

provision. USSG § 4A1.2(e) and (K)(2)(B).

Next, we consider whether Silva should have received a two level decrease in his offense level for acceptance of responsibility under USSG § 3E1.1. As part of his plea agreement, Silva waived the right to appeal that sentencing issue. The government did not breach the plea agreement; Silva's contentions, with the exception of the career offender issue, fall within the scope of the appeal waiver; Silva entered into the plea agreement knowingly and voluntarily; and no miscarriage of justice would result from enforcing the waiver. After careful consideration of the record, we conclude the waiver should be enforced. *See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

For the foregoing reasons, the district court's judgment and sentence is **AFFIRMED**. Counsel's request to withdraw is **GRANTED**.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge