**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELVIN CLIFFORD WATKINS,

Defendant-Appellant.

No. 08-7016

Eastern District of Oklahoma

(D.C. No. CR-07-54-RAW)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Mr. Elvin Clifford Watkins pled guilty to the charge of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to fifty-seven months imprisonment. He appeals that sentence on two grounds. We affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Objection to the Quantity of Drugs Relied upon at Sentencing

Mr. Watkins's sentence was based, in part, on the district court's finding that he possessed 188.7 pounds, or more than 80 kilograms, of marijuana. Mr. Watkins claims that he possessed only 170 pounds and that his guilty plea was based on that quantity. Under the Sentencing Guidelines, the offense level for this crime is two levels higher if he possessed the larger quantity than if the drugs weighed only 170 pounds.

The district court's determination of drug quantity was based on a finding by the Oklahoma State Bureau of Investigation ("OSBI") and adopted in the Presentence Report ("PSR") that the drugs found in Mr. Watkins's possession weighed 188.7 pounds. During a hearing on a defense motion to suppress the drugs, however, the Oklahoma Highway Patrol trooper who had seized the drugs testified that he thought the contraband weighed "approximately 170 pounds." Mr. Watkins objected to the drug quantity finding in the PSR, but presented no evidence to the contrary. The OSBI prepared a second report, again finding that the drugs weighed more than 80 kilograms, which was consistent with the finding that the drugs and packaging weighed 188.7 pounds. The district court found the drugs weighed the higher amount and sentenced Mr. Watkins accordingly. That finding is supported by the evidence, and was not clearly erroneous.

Mr. Watkins's first argument is that the sentencing judge improperly relied on the higher quantity of drugs stated in the PSR and not on the amount estimated

by the trooper during the evidentiary hearing, which occurred before he decided to plead guilty. At the sentencing hearing, defense counsel claimed his client had agreed to plead guilty because of his understanding that his sentence would be calculated based on his possession of 170 pounds of marijuana, and it would be improper for the court to rely on a greater quantity of drugs at sentencing. Counsel argued, "It ain't fair. And that is my objection. It's not right. Because we did plea pursuant to that 170 pounds, not over 80 kilograms, and it's not right." Tr. Of Sent. Hr. at 21.

Mr. Watkins presents no record evidence that a term of his oral plea agreement or a stipulation between the parties established that the marijuana seized weighed only 170 pounds. His plea agreement was not in writing. While Mr. Watkins may have relied on the trooper's testimony that the marijuana weighed "approximately 170 pounds," the parties did not stipulate to this amount. In fact, when Mr. Watkins changed his plea to guilty, he waived his right to have the jury determine, beyond a reasonable doubt, facts used to enhance his sentence and consented to having the sentencing judge determine those facts, which indicates that he understood that the drug quantity would be determined by the judge, based on the evidence.

Even if Mr. Watkins could establish that there had been a stipulation of drug quantity, as a matter of law the district court was not bound by that agreement. While "the district court should consider the stipulated facts

carefully, 'the court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing.'" *United States v. Rutter*, 897 F.2d 1558, 1564 (10th Cir. 1990) (quoting U.S.S.G. § 6B1.4).

In *Rutter*, the parties had stipulated as part of a plea agreement in a drug possession case that the base offense level was twenty-six. The trial court, however, found that the offense level should be increased two levels because of the amount of drugs the defendant had in his possession. The defendant argued he did not plead guilty to that amount of drugs, and he had stipulated to a particular offense level. We held that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if part of the same course of conduct" resulting in the conviction. *Id.* at 1561. Thus, even if the parties here had stipulated that the drugs weighed 170 pounds, the district court was permitted to rely on the evidence in determining the appropriate offense level.

## II. Objection to the Obstruction of Justice Enhancement

The sentencing judge also enhanced Mr. Watkins's base offense level by two points for "obstruction of justice." The PSR stated that Mr. Watkins "purposely and willfully attempted to mislead" a pretrial services officer who interviewed him for purposes of preparing a bail report. Mr. Watkins had told the officer that he had never been arrested for any crime, when in fact "records checks revealed the defendant had multiple previous arrests" and served a nine

-4-

year prison sentence for a rape conviction. PSR, ¶ 14; Tr. Sent. Hr. at 25. Accordingly, the PSR recommended an enhancement pursuant to U.S.S.G. §3C1.1. Mr. Watkins objected to the enhancement, and now characterizes the statement in the PSR as an "ipse dixit assertion" not supported by any evidence admitted at sentencing.

Although the district court may rely on facts in the PSR, if the defendant objects to a particular fact in the report, "the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir. 1998). "Criminal Procedure Rule 32 requires the defendant to affirmatively point out any fact in the PSR that he contends is inaccurate. Absent an objection to the PSR, the district court 'may accept any undisputed portion of the presentence report as a finding of fact.' Fed. R. Crim. P. 32(i)(3)(A)." *United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006); *see also United States v. Avalos*, 506 F.3d 972, 979-80 (10th Cir. 2007) (noting that "a defendant must make a showing that the information in the PSR is unreliable and articulate the reasons why the facts contained therein are untrue or inaccurate" (quotation marks, alterations omitted)).

Mr. Watkins objected to the PSR's recommendation of an enhancement based on his false statements to the pretrial services officer, but he did not do so on the ground that the PSR was factually incorrect. His objection stated: "The defendant objects to paragraph 14 of the report and the resulting enhancement

-5-

with regard to the alleged obstruction of justice. Counsel believes that since counsel was not present during the interview, the enhancement for said conversation is inappropriate." In other words, he did not challenge the factual allegation that he lied to the officer, but instead made a legal argument that his sentence should not be enhanced on the basis of this incident because he was without counsel at the time of the interview. Accordingly, the district court was entitled to rely on the evidence of the PSR. *See United States v. Chee*, 514 F.3d 1106, 1114–15 (10th Cir. 2008); *United States v. Overholt*, 307 F.3d 1231, 1251-52 (10th Cir. 2002); *United States v. Kay*, 961 F.2d 1505, 1507 (10th Cir. 1992).

As to the legal argument based on absence of counsel, the government presented a form signed by Mr. Watkins, acknowledging his right to counsel and his decision to speak with the officer without counsel present. In light of this waiver, Mr. Watkins cannot now complain that he acted without the advice of his attorney. Indeed, Mr. Watkins even admits in his brief that "there was support for the court's determination that Mr. Watkins waived his right to have a lawyer present when he spoke with a pretrial services officer." Accordingly, the two-level enhancement for obstruction of justice was properly applied.

Even if the government did establish that Mr. Watkins had provided false information to the pretrial services officer, Mr. Watkins argues that any enhancement under U.S.S.G. § 3C1.1 is unwarranted. This provision provides for

a two-level offense increase if: "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The application note for this provision states that the enhancement would be appropriate for "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1 Application Note(4)(h).

Mr. Watkins argues that the information he provided was not materially false because no "pretrial services officer would rely on a defendant/appellant's statement as to his criminal record when they have, at their fingertips, instant access to criminal records nation wide." Aplt. Br. at 13. While a pretrial services officer likely would conduct an independent search for a defendant's prior convictions, this does not make the false statement regarding those convictions immaterial. The application notes define "material" as information that "*if believed*, would tend to influence or affect the issue under determination." U.S.S.G. §3C1.1 Application Note (6) (emphasis added). Had the pretrial services officer not conducted his own investigation and instead believed that Mr. Watkins had no criminal history, the false statement would have affected Mr. Watkins's sentencing and possibly his suitability for bond. Thus, not surprisingly, this Court has held that statements made to pretrial services officers for purposes of obtaining pretrial release may warrant an obstruction of justice

enhancement. *See United States v. Gilbert*, 48 F.3d 1233 (Table), 1995 WL

94455 at *2 (10th Cir. Feb. 28, 1995) (unpublished). Similarly, other courts have

held that providing false information to pretrial services officers conducting a bail

investigation for the court warranted an obstruction of justice enhancement. *See,*

*e.g.*, *United States v. Ojo*, 916 F.2d 388, 393 (7th Cir. 1990). Accordingly, we

uphold the decision of the district court to enhance Mr. Watkins's sentence by

two levels for the obstruction of justice.

Mr. Watkins's sentence of fifty-seven months is therefore affirmed.

Entered for the Court,

Michael W. McConnell
Circuit Judge