FILED
United States Court of Appeals
Tenth Circuit

February 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELVIN CLIFFORD WATKINS,

    Defendant-Appellant.

No. 09-7109
(D.C. Nos. 6:09-CV-00187-RAW and
6:07-CR-00054-RAW-1)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Elvin Watkins pled guilty to a charge of possession of marijuana with intent to distribute and was sentenced to 57 months's imprisonment. This court affirmed his sentence on direct appeal. Mr. Watkins now seeks a certificate of appealability (COA) in order to challenge the district court's denial of his motion under 28 U.S.C. § 2255 seeking collateral review of his conviction and sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because Mr. Watkins proceeds *pro se*, we liberally construe his filings. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). This court has repeatedly stated, however, that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal . . . unless [the petitioner] can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). This court also generally will not address claims that have been waived for failure to raise them with the district court in the first instance. *Tele-Communications, Inc. v. Commissioner*, 12 F.3d 1005, 1007 (10th Cir. 1993) ("The general rule is that an appellate court will not consider an issue raised for the first time on appeal."). Here, all but two of the claims Mr. Watkins seeks to pursue in his § 2255 motion are either procedurally defaulted or have been waived,[1] and he has presented no grounds for excuse.

---

[1] For example, Mr. Watkins argues to us that he received ineffective assistance of counsel, but he raised no such argument to the district court. Although ineffective assistance claims generally need not be raised on direct appeal, they still generally must be raised on collateral review before the district court in the first instance before they may be pursued in this court. *See, e.g.*, *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (noting that ineffective assistance of counsel claims must be raised in a § 2255 proceeding filed in district court). Similarly but distinctly, Mr. Watkins seeks to challenge the validity of the search and seizure that led to his arrest, but procedurally defaulted this claim by failing to raise it in his direct appeal.

We turn then to his two remaining claims.  First, Mr. Watkins argues that the district court erred at sentencing by crediting an Oklahoma State Bureau of Investigation (OSBI) report that concluded the total weight of the marijuana he possessed was 183.85 pounds,[2] instead of 170 pounds as he claims (a difference that would yield a base offense level of 24 versus 22 under the advisory sentencing guidelines).  Mr. Watkins, however, presents no evidence to support his assertion that the drugs weighed only 170 pounds.  He only directs our attention to the arresting trooper's testimony stating the weight as "*approximately 170 pounds.*"  R. Vol II at 20 (emphasis added).  But, as is clear from the trooper's statement, this was only an "approximate" weight.  The OSBI report, on the other hand, indicted a precise weight of 183.85 pounds, and the district court was free to credit the OSBI's finding.  *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1218 (10th Cir. 2008) ("The district court was free to determine the relative reliability of [the] evidence.").  In this light, we discern no

---

[2] There were fourteen total packages of marijuana at issue in this case. Initially OSBI only gathered the net weight for packages one through three. Packages four through fourteen were weighed for their gross weight, which included the cellophane packaging material.  The total weight of the marijuana in the initial report was 188.7 pounds.  At sentencing, Mr. Watkins objected on the ground that this weight included packaging and OSBI conducted a second assessment, weighing packages four through fourteen for their net, rather than gross weight.  This total is 183.85.  Ultimately, the discrepancy between 188.7 pounds and 183.85 pounds made no difference for the purpose of sentencing because both weights fell within a base offense level of 24 under the guidelines.

"substantial showing of the denial of a constitutional right" that might warrant the issuance of a COA.  28 U.S.C. § 2253(c)(2).

Second Mr. Watkins argues that the "chain of custody" of the drugs was broken because they were stored overnight in the trooper's vehicle at his house. Mr. Watkins fails, however, to offer any evidence indicating that, even if true, this fact had any effect on the outcome of his criminal proceedings, let alone impinged his constitutional rights.

Because Mr. Watkins has failed to make "a substantial showing of the denial of a constitutional right," *id.*, his application for a COA is denied, as is his motion seeking leave to engage in discovery, and we dismiss his appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge