FILED
United States Court of Appeals
Tenth Circuit

May 18, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH ERIC SILVA,

Defendant-Appellant.

No. 10-2272
(D. of N.M.)
(D.C. No. 2:02-CR-01167-LH-1)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Joseph Silva, a federal prisoner proceeding pro se,[1] filed a petition for a

writ of audita querela in the district court to challenge the legality of his sentence.

This common law writ was available to a defendant who sought "a rehearing of a

matter on grounds of newly discovered evidence or newly existing legal

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Silva proceeds pro se, we construe his pleadings liberally. *See*
*Ledbetter v. City of Topeka Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

defenses." *Black's Law Dictionary* 141 (8th ed. 2004).[2] Silva appeals the district

court's denial of his petition. We construe Silva's notice of appeal and appellate

brief as an implied application for leave to file a successive petition for a writ of

habeas corpus under 28 U.S.C. § 2255 and deny authorization.

In July 2002, Silva pleaded guilty to one count of possession with the intent

to distribute more than 50 kilograms of marijuana and was sentenced to 220

months' imprisonment. We affirmed the sentence on direct appeal. *United States

v. Silva*, 94 F. App'x 747 (10th Cir. 2004). Silva challenged his sentence on

collateral review under § 2255. The district court denied his petition and we

denied Silva's application for a certificate of appealability. *United States v.*

---

[2] The ancient writ of audita querela was introduced during the reign of
King Edward III and was "based on equitable, rather than common law
principles." *Black's Law Dictionary* 141 (8th ed. 2004) (quoting L.B. Curzon,
*English Legal History* 103 (2d ed. 1979)). Audita querela is similar, but not
identical, to a writ of coram nobis. *United States v. Torres*, 282 F.3d 1241, 1245
n.6 (10th Cir. 2002). Coram nobis is a "writ of error directed to a court for
review of its own judgment and predicated on alleged errors of fact." *Black's
Law Dictionary* 362 (8th ed. 2004). "[A] writ of coram nobis attacks a judgment
that was infirm at the time it was rendered for reasons that later came to light,
while a writ of audita querela is used to challenge a judgment that was correct at
the time it was rendered but which is made infirm by matters that arose after its
rendition." *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). Both writs
were formally abolished by Rule 60 of the Federal Rules of Civil Procedure. *See*
FED. R. CIV. P. 60(e). However, in the criminal context, the Supreme Court has
held a defendant may pursue a writ of coram nobis under the All Writs Act, 28
U.S.C. § 1651. *United States v. Morgan*, 346 U.S. 502, 510–11 (1954). In accord
with other circuits, we have assumed, without deciding, a prisoner may seek a
writ of audita querela under the All Writs Act to challenge an otherwise final
conviction. *See Torres*, 282 F.3d at 1245 n.6; *Miller*, 599 F.3d at 487–88
(collecting cases).

*Silva*, 430 F.3d 1096 (10th Cir. 2005). Silva then sought authorization from this court to file a second or successive § 2255 petition, arguing newly discovered evidence showed the amount of marijuana involved was less than 50 kilograms. We denied his request. Finally, Silva filed the petition at issue here arguing (1) he should be re-sentenced because the amount of marijuana was incorrectly calculated, and (2) *United States v. Booker*, 543 U.S. 220 (2005), should be applied retroactively to his sentence. The district court denied his petition and Silva timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

In his petition, Silva attacks the validity of his sentence. But when other remedies are available, a writ of audita querela is not the proper vehicle to pursue his claims. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255."). As a federal prisoner, his exclusive remedy to challenge the validity of his sentence is provided under § 2255, unless he can show that remedy would be inadequate or ineffective. *See* § 2255(e).

We see no reason why the remedy provided by § 2255 is inadequate or ineffective to challenge Silva's sentence. The fact that he must surmount procedural hurdles to bring a successive § 2255 petition does not make the § 2255 remedy inadequate or ineffective. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely

because the statute greatly restricts second or successive motions."").

Accordingly, Silva must raise his claims under § 2255 and not through a petition for writ of audita querela.

Since Silva has previously sought relief under § 2255, he must raise his claims through a successive § 2255 petition. To do that, Silva must first seek authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). He cannot simply invoke an ancient writ—while asserting it is not a § 2255 motion—to evade the statutory command. *See Torres*, 282 F.3d at 1246 ("[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.") (internal quotations and citations omitted). Because Silva's petition is an unauthorized second or successive § 2255 motion, it should have been dismissed for lack of jurisdiction[3] or transferred to this court. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). However, we construe his notice of appeal and appellate brief as a request for authorization to file a successive § 2255 petition and now consider his request. *See Torres*, 282 F.3d at 1246.

---

[3] It appears the district court did not explicitly dismiss Silva's petition for a lack of jurisdiction. But we interpret the court's discussion of successive § 2255 petitions and its finding Silva presented no basis for issuing a writ of audita querela as a determination the court lacked jurisdiction.

After a careful review of the record, we conclude Silva has failed to make the prima facie showing required by § 2255(h) to bring a successive § 2255 petition. His arguments are not based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found [him] guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).

Silva does not claim there is newly discovered evidence that would demonstrate his innocence. Rather, he claims the presentence report improperly calculated the amount of marijuana. This is not newly discovered evidence and Silva fails to meet the requirements of § 2255(h)(1).

We have clearly held *Booker* was not made retroactive to cases on collateral review, as required by § 2255(h). *See Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("[U]nder the Antiterrorism and Effective Death Penalty Act (AEDPA), *Booker* may not be applied retroactively to second or successive habeas petitions.") (citation omitted). Therefore, Silva fails to meet the requirements of § 2255(h)(2).

Silva has failed to satisfy the requirements to bring a successive § 2255 petition. Accordingly, the implied application for authorization to file a

successive § 2255 petition is DENIED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge