FILED
United States Court of Appeals
Tenth Circuit

October 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 11-7009 |
| v. | (E.D. of Okla.) |
| ELVIN CLIFFORD WATKINS, | (D.C. No. 6:07-CR-00054-RAW-1) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Elvin Watkins, a federal prisoner proceeding pro se,[1] appeals the district

court's denial of his petition for a writ of audita querela. Having already filed a

habeas petition challenging his conviction, Watkins now attempts to challenge the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Watkins proceeds pro se, we construe his pleadings liberally. *See Ledbetter v. City of Topeka Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

validity of his conviction by seeking jurisdiction under the All Writs Act, 28 U.S.C. § 1651.

We construe Watkins's notice of appeal and appellate briefs as an implied application for leave to file a successive petition for a writ of habeas corpus under 28 U.S.C. § 2255, and we DENY authorization.

## I. Background

Watkins pleaded guilty to possessing marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The district court sentenced him to 57 months' imprisonment followed by 36 months' supervised release.

Watkins filed a direct appeal alleging the district court erred in relying on a drug laboratory report to estimate the quantity of marijuana he possessed. Watkins contended he agreed to plead guilty based on a state trooper's drug-quantity estimate, which was lower than the lab report and would have resulted in a lower offense level. We rejected Watkins's appeal because there was no evidence the parties had stipulated to the drug quantity in connection with Watkins's plea. *United States v. Watkins*, 297 F. App'x 821, 822–23 (10th Cir. 2008). We also affirmed the district court's decision to apply an obstruction-of-justice enhancement to Watkins's base offense level under the United States Sentencing Guidelines. *Id.* at 823–25.

Watkins then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, which the district court denied because all issues raised were either foreclosed by his guilty plea or procedurally barred because he did not assert them on direct appeal. Following the ruling, Watkins appealed. He asked for a certificate of appealability (COA) based on some of the same arguments he raised below and also a new ineffective assistance of counsel allegation. We denied his request for a COA and held that his ineffective assistance claims were procedurally defaulted. *United States v. Watkins*, 366 F. App'x 969 (10th Cir. 2010).

In December 2010, Watkins again sought collateral relief in the district court—this time via a motion seeking a writ of audita querela, under the All Writs Act, 28 U.S.C. § 1651. In his motion, Watkins argued that neither his counsel nor the Probation Office informed the district court of his heart condition, and that had the district court been aware, it would have handed down a lesser sentence. The district court appropriately found Watkins's motion was a habeas petition in disguise, and that he simply restated claims that were previously considered and rejected on direct and collateral review.

Accordingly, the district court denied Watkins's motion, and he now appeals. We have jurisdiction under 28 U.S.C. § 1291, because Watkins appeals from a final judgment.

## II. Discussion

Watkins's motion seeking a writ of audita querela lacks merit, and he is not entitled to relief under the All Writs Act. Moreover, even if we construe Watkins's appellate materials as an implied application for permission to file a successive § 2255 motion, he has not presented any new facts or rules of constitutional law, as required by § 2255(h).

Common law writs, such as the writ of audita querela, are extraordinary remedies that are appropriate only in compelling circumstances.[2] Such compelling circumstances are not present here. Because Watkins is currently incarcerated, he may not rely on the writ of audita querela to challenge his sentence. As we have repeatedly held, "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir.

---

[2] As we noted recently in *United States v. Silva*, No. 10-2272, 2011 WL 1880981 (10th Cir. May 18, 2011), the ancient writ of audita querela was introduced during the reign of King Edward III and was "based on equitable, rather than common law principles." *Black's Law Dictionary* 141 (8th ed. 2004) (quoting L.B. Curzon, *English Legal History* 103 (2d ed. 1979)). "[A] writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). The writ of audita querela was formally abolished by Rule 60 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 60(e). However, in the criminal context, the Supreme Court has suggested a defendant may file motions under the All Writs Act. *See United States v. Morgan*, 346 U.S. 502, 510–11 (1954). In accord with other circuits, we have assumed, without deciding, a prisoner may seek a writ of audita querela under the All Writs Act to challenge an otherwise final conviction. *See Miller*, 599 F.3d at 487–88 (collecting cases).

2002).  Accordingly, Watkins cannot attack the validity of his sentence under the writ of audita querela when other remedies are available to him.  His exclusive remedy to challenge the validity of his sentence is provided under § 2255, unless he can show that remedy would be inadequate or ineffective.  *See* § 2255(e).

The remedy provided by § 2255 is neither inadequate nor ineffective to test Watkins's sentence.  The fact that he must surmount procedural hurdles to bring a successive § 2255 petition does not make the § 2255 remedy inadequate or ineffective.  *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions."); *see also Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (en banc).  Accordingly, Watkins must raise his claims under § 2255 and not through a petition for writ of audita querela.

To bring a successive § 2255 petition, Watkins must first seek authorization from this court—something he has already attempted unsuccessfully.  *See Watkins*, 366 F. App'x at 969; *see also* 28 U.S.C. §§ 2244(b)(3), 2255(h).  Watkins cannot simply invoke an ancient writ, claim it is an independent basis for jurisdiction and not a § 2255 motion, and escape the statutory requirements established under the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See Torres*, 282 F.3d at 1246 ("[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C.

§§ 2244(b)(3) and 2255." (quotations and citations omitted)).  Recognizing these legal requirements, the district court construed Watkins's motion as a second or successive § 2255 motion and properly declined to transfer the motion to the Tenth Circuit.  *United States v. Watkins*, No. CR-07-054, at *3 (D. Okla. Jan. 11, 2011) (Order).

On appeal, we construe Watkins's notice of appeal and appellate briefs as a request for authorization to file a successive § 2255 petition and now consider his request.  *See Torres*, 282 F.3d at 1246.  After a careful review of the record, we conclude Watkins has failed to make the prima facie showing required by § 2255(h) to bring a successive § 2255 petition.  His arguments are not based on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found [him] guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).

Watkins does not identify new evidence that would demonstrate his innocence or the inappropriateness of his sentence.  Nor does he point to any new rule of constitutional law that would affect his sentence or conviction.  He alleges only that his attorney failed to advise the sentencing court that he had a heart condition, that the probation officer neglected to interview him regarding his

medical history or include such information in the presentence investigation report, and that corruption and conflicts of interest tainted his conviction and sentence. These claims lack factual basis, and the legal basis for them is unsupported by any new Supreme Court law.

Thus, Watkins does not meet the criteria to file a second or successive habeas petition.

### III. Conclusion

For the reasons stated above, the implied application for authorization to file a successive § 2255 petition is DENIED. We also DENY Watkins's motion for appointment of counsel. Finally, we DENY the government's motion to dismiss, because Watkins's appeal is timely.[3]

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[3] Watkins filed his Notice of Appeal 42 days after the district court's order. This was timely because the civil rules apply to determine the time to appeal in § 2255 and audita querela proceedings. *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). This gave Watkins 60 days in which to appeal. *Id.*